IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| FELIPE MOLINA-URIBE | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv91 |
| WARDEN, FCI BEAUMONT LOW | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Felipe Molina-Uribe, an inmate confined at the Beaumont FCI Low, proceeding *pro se*, brought the above-styled petition for writ of habeas corpus. The Court denied and dismissed the petition on March 13, 2025.

After the judgment was entered, petitioner filed a motion for extension of time to file objections to the report recommending dismissal [Dkt. 21]. Additionally, petitioner filed a motion for reconsideration of the final judgment [Dkt. 22]. Further, petitioner filed objections to the report on March 28, 2025.

Analysis

FED. R. CIV. P. 59 provides in pertinent part the following:

**(a)(1) *Grounds for New Trial***. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

(A)    after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

(B)    after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

**(2) *Further Action After a Nonjury Trial***. After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

**(b) Time to File a Motion for a New Trial.** A motion for a new trial must be filed no later than 28 days after the entry of judgment.

**(e) Motion to Alter or Amend Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Petitioner's motion for reconsideration was filed eleven days after the final judgment was filed. Accordingly, the motion will be considered under Rule 59.

Petitioner requests reconsideration of the judgment because he claims prison officials hindered the delivery of his mail. A review of the docket reveals the report was mailed to petitioner on February 20, 2025. After receiving no objections more than twenty days later, the court adopted the report. Petitioner, however, alleges that the delivery of the magistrate judge's February 20, 2025 report was delayed by the Bureau of Prisons. Petitioner claims he did not actually receive the report until March 11, 2025. Petitioner states he also filed a motion for extension of time on March 11, 2025. Petitioner's motion, however, did not contain the date on which he delivered the document to prison officials for mailing.[1] Thus, the motion and petitioner's objections were not timely filed.

After careful consideration of petitioner's *pro se* status and the unique circumstances in this case, the Court is of the opinion that petitioner's motion warrants relief from the judgment to be able to file more complete objections and have his objections considered by the court. Additionally, the parties should be provided an opportunity to brief the status of discovery and petitioner's FOIA request and appeal. Accordingly, petitioner's motion for reconsideration should be granted in this regard.

ORDER

For the reasons set forth above, petitioner's motion for reconsideration should be granted to the extent that he shall have an opportunity to file objections after the respondent has briefed the status of petitioner's FOIA request and appeal. It is

ORDERED that petitioner's motion for extension of time is DENIED as untimely. It is further

---

[1] Petitioner's Certificate of Service in the motion does not contain the date on which the document was delivered to prison officials for mailing. Thus, the motion does not substantially comport with the statute governing unsworn declarations under penalty of perjury and does not satisfy the requirements of the prison mailbox rule, under which a *pro se* prisoner's pleading is considered filed when the document was placed in the prison mailing system. *See Liao v. Bondi*, 162 F.4th 591, 526 (5th Cir. 2025); *see also Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266 (1988) and *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1998)).

ORDERED that petitioner's motion for reconsideration [Dkt. 22] is GRANTED to allow the parties an opportunity to brief the status of petitioner's request for discovery, as well as petitioner's FOIA request and appeal.  The respondent shall, within twenty (20) days from the date set forth below, file a brief addressing the status and merit of petitioner's allegations concerning his request for discovery, as well as his FOIA request and appeal.  Petitioner's reply and objections to the report, if any, shall be filed no later than twenty (20) days after the respondent's brief is filed.

**SIGNED this 2nd day of March, 2026.**

Michael J. Truncale
United States District Judge